# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| MELISA R. TORRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 6:22-1096 |
| ) | |
| CHARLES F. CYNOVA and ) | (Removed from the District Court of |
| O'REILLY AUTO ENTERPRISES, LLC, ) | Sedgwick County, Kansas Case No. |
| ) | 2022-CV-000564) |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendants Charles F. Cynova. and O'Reilly Auto Enterprises, LLC ("Defendants"), by and through undersigned counsel, hereby removes Case No. 2022-CV-000564 (the "State Court Action") from the District Court of Sedgwick County, Kansas to the United States District Court for the District of Kansas on the ground that jurisdiction exists under 28 U.S.C. § 1332(a)(1). In support of removal, Defendants state as follows:

1. On March 29, 2022, Plaintiff Melisa R. Torrence ("Plaintiff") filed her Petition in the District Court of Sedgwick County, Case No. 2022-CV-000564 naming Charles F. Cynova and O'Reilly Automotive Stores, Inc., as the Defendants. (Ex. A, District Court File).

2. Defendant O'Reilly Auto Enterprises, LLC, was served with the Petition through its Registered Agent in Kansas, The Corporation Company, Inc, by certified mail. (Ex. A, District Court File). Though Defendant O'Reilly Automotive Stores Inc. was the improper party, Defendant O'Reilly Auto Enterprises, LLC became aware of service and voluntarily consented to becoming a party to this action.

3. Defendant Cynova has not been properly served in this matter, but voluntarily consents to becoming part of this action.

4. On April 13, 2022, Plaintiff Melisa R. Torrence ("Plaintiff") filed her Amended Petition in the District Court of Sedgwick County, Case No. 2022-CV-000564 naming Charles F. Cynova and O'Reilly Auto Enterprises, LLC as the Defendants. (Ex. A, District Court File).

5. Counsel for Defendant O'Reilly Auto Enterprises, LLC accepted service on behalf of Defendant O'Reilly Auto Enterprises, LLC on April 13, 2022.

6. Upon information and belief, Plaintiff is a citizen of Kansas.

7. At the time of the filing of this action, Defendant Cynova was a citizen of Arkansas. (Ex. B, Affidavit of Charles Cynova, ¶3).

8. Defendant Cynova intends for Arkansas to be his permanent state of residence, no longer considers himself to be a citizen of the state of Kansas and considers himself a citizen of Arkansas. (Ex. B, Affidavit of Charles Cynova, ¶4-5).

9. Defendant Cynova is, therefore, a citizen of Arkansas.

10. For purposes of diversity jurisdiction, an LLC is an unincorporated association and requires diversity of all its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)." A limited liability company is a citizen of every state of citizenship of any of its members." *Zufelt v. Isuzu Motors Am., L.C.C.,* 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009)(internal citations omitted).

11. O'Reilly Auto Enterprises, LLC's sole member is a Missouri corporation named Ozark Service, Inc. which has its principal place of business in Missouri. O'Reilly Auto Enterprises, LLC was formed in Delaware. (Ex. C, Affidavit of James Enloe, ¶3-5).

12. Accordingly, for the purposes of federal diversity jurisdiction, Defendant, O'Reilly Auto Enterprises, LLC is not a citizen of Kansas.

13. At the time this action commenced and at all times since, Plaintiff and Defendants are and remain citizens of different states.

14. To confer subject matter jurisdiction on this Court based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a).

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (citing 28 U.S.C. § 1446(a)).

16. To satisfy the amount-in-controversy requirement, a defendant has never been historically required to show that damages are greater or will likely prove greater than the diversity threshold. *Hammond v. Stamps.com Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016) (citations omitted). Instead, the only thing that a defendant needs to show is that a fact finder might legally conclude that damages exceed the required amount. *Id.* at 912. To warrant dismissal under this standard, there must be a legal certainty that the claim is really for less than the jurisdictional amount. *Id.*

17. Plaintiff is seeking an amount in excess of $75,000 in compensation for the alleged damages contained in the Amended Petition. Further, plaintiff alleges she sustained personal injury as a result of the accident at issue an alleges she suffered damages including medical expenses, future medical expenses, past and future economic damages and past and future non-economic damages including pain, suffering and mental anguish.

18. Accordingly, a fact finder might legally conclude that the damages sought are greater than $75,000.00. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332 (a)(1).

19. Removal of this action is not prohibited by any federal statute.

20. Attached as Exhibit A are all process, pleadings, orders, and other documents on file in the District Court of Sedgwick County, Kansas and served on these Defendants.

21. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the District Court of Sedgwick County, Kansas, and with counsel for all other parties.

21. If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendants by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the District Court of Sedgwick County, Kansas, effects the removal of said civil action to this Honorable Court.

This 22nd day of April 2022.

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ Byron A. Bowles
Byron A. Bowles, Jr., #16579
Brian M. Israel, #29279
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Ph: (913) 371-3838 / Fx: (913) 371-4722
bbowles@mvplaw.com
bisrael@mvplaw.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on the 22nd day of April 2022, the above and foregoing was filed with the Clerk of the Court via the Court's electronic filing system, which will serve electronic notification of such filing on the following counsel of record:

Brendan P. Lykins, #26098
Patrick Turner, #23437
3241 N. Toben Street
Wichita, KS 67226
Tel: 316-888-8888
blykins@devaughnjames.com
pturner@devaughnjames.com
ATTORNEYS FOR PLAINTIFF

                                              /s/ Byron A. Bowles
                                              ATTORNEYS FOR DEFENDANTS